Callahan, J.
(dissenting). We find that the Surrogate was justified in determining on this record that no provision should be made in the decree directing the executors and trustees to account for the shares of stock, which were the subject of a testamentary trust and which had been distributed to Jerome M. Ahrens, Sr. in 1939 under powers granted to the trustees.
The history of the transactions in connection with the trusteed stock would indicate that Jerome M. Ahrens, Sr. was the one who constantly sought termination of the trust by distribution of the trust res rather than a sale of the stock at its book value. We find no indication in the record that he ever desired to institute any stockholder’s derivative action in his lifetime. If he did, nothing that occurred here would seem to have prevented him from suing. The inter vivos trust was his free act, and no condition favorable to the trustees personally was attached to it. Ahrens would have had the right to institute a derivative action during the existence of the inter vivos trust if he saw fit. It would seem more probable that it was after the death of Jerome M. Ahrens, Sr. that the idea of a derivative action developed in the minds of others, and‘that such is the principal objective in seeking restoration of the trust res.
When the option to sell was executed, Jerome M. Ahrens, Sr. apparently needed money and thus desired to sell the stock for *481 the purpose of obtaining funds. The sales price did not indicate any overreaching.
While there was self-interest here by the trustees to some extent, this was the result of the- testatrix’ appointment of trustees who were officers and directors in a family corporation, the stock of which was one of the assets of the estate.
The testatrix was apparently aware of the custom of borrowing from the company and despite this signed the stockholders ’ agreement that upon the death of a stockholder the other stockholders should have the right to purchase the shares of the deceased stockholder.
A finding that the trustees acted reasonably and prudently in distributing the stock which was the subject of the testamentary trust was warranted upon this record.
We vote to affirm the decree insofar as appealed from.
Dore and Cohn, JJ., concur with Van Voorhis, J.; Callahan, J., dissents in opinion in which Peck, J., concurs.
Decree reversed and the matter remitted to the Surrogate to conduct an accounting in accordance with the opinion of Van Voorhis, J. Settle order on notice. [See post, p. 1015.]